UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

```
*************************************
Sarah McLean,                         *
       Plaintiff                      *
                                      *
       v.                             *    Case No. 1:17-cv-00353-AJ
                                      *
Derry Cooperative School District, SAU 10 *
       Defendant                      *
*************************************
```

## PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

NOW COMES the Plaintiff, Sarah McLean, by and through her attorneys, Backus, Meyer & Branch, LLP, and hereby Objects to Defendant's Motion for Summary Judgment and, in support thereof, states:

1. The Defendant's Motion for Summary Judgment must be denied due to the existence of multiple material fact disputes and credibility determinations that are central to determining whether the Plaintiff was terminated for discriminatory or legitimate reasons.

2. The Plaintiff presents evidence to disprove each pretextual justification the Defendant has provided for her termination.

3. More specifically, Ms. McLean did not violate any attendance policy; 2. there was no volunteering requirement at Grinnell and Sarah McLean did volunteer; and 3. Ms. McLean was not a poor performer, consistently receiving positive performance evaluations that Principal Hill, the individual who decided to non-renew her contract, found acceptable.

4. A jury must decide whether or not the Defendant's witnesses, namely Principal Hill, Assistant Principal Sindoni and Assistant Superintendent Kellan are credible in claiming that the Plaintiff was terminated for performance issues, not volunteering enough and violating an attendance policy, despite failing to provide any evidence beyond their say-so. In fact, the

documents in this case, including the performance evaluations created by the Defendant, actually contradict the Defendant's position.

    5.     "Credibility calls are within the jury's exclusive province." <u>United Sates v. David</u>, 940 F.2d 722, 730 (1st Cir. 1991). "A claim of evidentiary insufficiency that rests upon witness credibility cannot succeed." <u>United States v. Serrano</u>, 870 F.2d 1, 5 (1st Cir. 1989); <u>See</u>, e.g., <u>Bachman v. Leapley,</u> 953 F.2d 440, 441 (8th Cir. 1992) ("It is the exclusive province of the jury to determine the believability of the witness ...."); <u>United States v. Barnard</u>, 490 F.2d 907, 912 (9th Cir. 1973) ("[c]redibility, however, is for the jury--the jury is the lie detector in the courtroom").

    6.     There are many indicators of pretext and discriminatory animus in this case including: (1) the close temporal proximity between the Plaintiff's maternity leave request and her termination (9 days); (2) the hostility she faced in response to requesting to leave early for pregnancy-related medical appointments; (3) Assistant Principal Sindoni's testimony that such leave requests demonstrated "a lack of commitment to her students;" (4) Principal Hill's journal note regarding a " <u>concern about giving reasons</u>" for Ms. McLean's non-renewal; and (5) Defendant's complete failure to provide documentation supporting its alleged reasons for terminating the Plaintiff or that they discussed non-renewing the Plaintiff for the 2016-2017 school year prior to Plaintiff disclosing her need for maternity leave.

    7.     This evidence, as well as the evidence thoroughly analyzed in the included memorandum, will likely lead a jury to conclude the Defendant:

    i.     Committed pregnancy discrimination in violation of Title VII of the Civil Rights Act of 1964 and NH RSA 354-A;

    ii.     Committed retaliation in violation of Title VII and RSA 354-A;

    iii.    Wrongfully terminated Plaintiff for her maternity leave request,

    iv.    Interfered with and retaliated against Plaintiff for attempting to use FMLA leave.

8.    The Plaintiff has filed a Memorandum of Law, which is incorporated herein by reference, that sets forth the above and additional arguments in full detail, contemporaneously with this Objection.

**REQUEST FOR RELIEF:**

WHEREFORE, the Plaintiff, Sarah McLean, respectfully prays this Honorable Court:

A.    Deny the Defendant's Motion for Summary Judgment on all Counts;

B.    Schedule the Motion and Objection for oral argument; and

C.    Grant such further relief as this Court may deem just and proper.

Respectfully submitted,
Sarah McLean,
By her attorneys,
BACKUS, MEYER &
BRANCH, LLP

Date: October 24, 2018    By:    /s/Sean R. List
Sean R. List, NH Bar #266711
116 Lowell Street
Manchester, N.H. 03104
(603) 668-7272
slist@backusmeyer.com

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically served through ECF to all counsel of record on this date.

/s/Sean R. List
Sean R. List